# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2139

Dr. Water Heater, Inc.,

Plaintiff,

v.

Dr. Water Heater Inc.,

Defendant.

---

## PLAINTIFF'S COMPLAINT

---

Plaintiff, Dr. Water Heater, Inc., a New Jersey corporation, for their complaint against Defendant, Dr. Water Heater Inc., a Colorado corporation, for Trademark Infringement, False Designation of Origin, Unfair Competition, and Unjust Enrichment, by and through their counsel, state as follows:

**<u>Nature and Basis of the Action</u>**

1.  Plaintiff is the owner of the trademark DOCTOR WATER HEATER (and design) ("Plaintiff's Trademark), U.S. Registration Number 1,898,293 ("Plaintiff's Trademark Registration"), in connection with maintenance, repair and installation services in the field of water heaters ("Plaintiff's Services"), as registered with the United States Patent and Trademark Office ("USPTO").

2.  Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant uses the trademark DR. WATER HEATER (the "Infringing Trademark"), in Colorado, in connection with maintenance, repair and installation services in the field of water heaters ("Defendant's Services").

3.  Plaintiff brings this action in law and equity, for damages and injunctive relief arising from Defendant's misappropriation of Plaintiff's distinct trademark, through Defendant's use of the Infringing Trademark, and to stop Defendant's unauthorized use of the Infringing Trademark, including through Defendant's advertisement, promotion, offering, and sale of goods/services in connection with the Infringing Trademark.

4.  This is an action for trademark infringement, false designation of origin, unfair competition, and unjust enrichment under the Lanham Act (15 U.S.C. §§ 1051 et seq.), seeking permanent injunctive relief, and an accounting and judgment against Defendant, for disgorgement of profits, compensatory damages, punitive damages, attorney's fees, applicable interest, and other relief which the Court deems lawful and just, relating to Defendant's unlawful and infringing conduct.

5. Plaintiff has not authorized Defendant's use of the Infringing Trademark in any manner.

6. Plaintiff has informed Defendant that Defendant is infringing upon Plaintiff's trademark rights, and that Defendant must cease and desist from Defendant's use of the Infringing Trademark.

7. Defendant's use of the Infringing Trademark in connection with Defendant's Services remains on going despite Plaintiff's demands that Defendant cease and desist their infringing conduct.

8. Defendant's commercial advertising, promotion, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, the sale of goods/services in connection with the Infringing Trademark gives consumers the false impression that Defendant is associated or affiliated with Plaintiff, and that the actions and conduct of Defendant are authorized, approved, or sanctioned by Plaintiff.

9. Defendant's advertising, promotion, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, the sale of goods/services in connection with the Infringing Trademark is likely to cause confusion, deception, and/or mistake as to a non existent connection between Plaintiff and Defendant, and which infringes upon Plaintiff's exclusive rights in the United States to control the Infringing Trademark in connection with Plaintiff's Services and confusingly similar goods/services.

10. Defendant has used the Infringing Trademark in commercial advertising and promotion which misrepresents the origin of Defendant's Services and Defendant's commercial activities.

## **Parties**

11. Plaintiff Dr. Water Heater Inc., is a New Jersey corporation with a principal business address of PO Box 925 Denville, NJ 07834.

12. Defendant, Dr. Water Heater Inc., is a Colorado corporation with a principal business address of 992 S 4th Ave, Suite 100-502, Brighton, CO 80601.

## **Jurisdiction and Venue**

13. This court has subject matter jurisdiction over Plaintiff's federal law claims for trademark infringement, false designation of origin, and unfair competition under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338 (a) and (b). This court has subject matter jurisdiction over Plaintiff's common law claim under 28 U.S.C. § 1367.

14. Plaintiff's federal claims which are predicated on 15 U.S.C. §§ 1114 and 1125(a), and Plaintiff's claims arising under common law are substantially related such that they form part of the same case or controversy.

15. Defendant is subject to personal jurisdiction in this judicial district as Defendant has advertised, promoted, offered, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, sold goods/services in Colorado, in connection with the Infringing Trademark, and Plaintiff is being damaged by Defendant's tortious conduct within this judicial district.

16. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district, and because a substantial part of property that is the subject of the action is situated in this judicial district.

## Relevant Conduct Regarding Defendant

17. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's conduct has been willful.

18. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's conduct has been with knowledge of the nature of their conduct.

19. Upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant's wrongful conduct has occurred in the regular course of business.

20. Defendant's actions have created a false association with Plaintiff, and Plaintiff's Trademark.

21. The harm caused by Defendant has a negative effect on interstate commerce.

22. The false and deceptive association with Plaintiff that has been inflicted by Defendant creates a misleading and untrue association with the sales practices, service level, reviews, and reputation of Defendant with Plaintiff.

23. Defendant's actions have created actual confusion with Plaintiff and Plaintiff's Trademark, and as to the origin, sponsorship, and/or affiliation of Defendant and the goods/services advertised, promoted, and offered by Defendant.

24. Defendant's actions have created a likelihood of confusion with Plaintiff and Plaintiff's Trademark, and as to the origin, sponsorship, and/or affiliation of Defendant and the goods/services advertised, promoted, offered, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, sold by Defendant.

25. Defendant's actions have created a false sense that Plaintiff has authorized or sponsored Defendant's conduct.

## Claim One

## Federal Trademark Infringement – 15 U.S.C. § 1114

26. Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

27. Plaintiff's USPTO registration for Plaintiff's Trademark is valid and subsisting, and in full force and effect.

28. Defendant has used in commerce, a trademark that consists of terms that are registered with the USPTO, and of which Plaintiff is the owner of, in connection with the offering of services identical and confusingly similar to those set forth on such trademark registration, specifically Plaintiff's Trademark Registration.

29. Defendant's use of the Infringing Trademark in connection with Defendant's unauthorized advertising and promotion of services identical and confusingly similar to those set forth upon Plaintiff's Trademark Registration is likely to cause confusion, cause mistake, or deceive.

30. Defendant's use of the Infringing Trademark falsely suggests that the services advertised, promoted, provided, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, sold by Defendant, are the same exact services in all manners as those advertised, promoted, sold, and provided by Plaintiff.

31. Plaintiff's and Defendant's advertising and marketing channels overlap.

32. Defendant's use of the Infringing Trademark has been conducted in an unauthorized manner.

33. Defendant's actions have created actual confusion with Plaintiff and Plaintiff's Trademark, and as to the origin, sponsorship, and/or affiliation of Defendant and the goods/services advertised, promoted, and offered by Defendant in connection with the Infringing Trademark.

34. Defendant's unauthorized use of the Infringing Trademark is likely to cause confusion, mistake, and deception among the general consuming public that the services advertised, promoted, provided, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, sold in connection with the Infringing Trademark originate from, are associated with, approved by, or are otherwise authorized by Plaintiff.

35. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114 (1).

36. Plaintiff has been, and will continue to be harmed by the wrongful actions of Defendant.

37. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

38. Plaintiff has no adequate remedy at law.

39. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

40. The harm caused to Plaintiff's business, goodwill, reputation, and profits are a direct and proximate result of Defendant's use of Plaintiff's trademark in an infringing manner.

41. Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

42. As a result of Defendant's conduct, Plaintiff has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods/services, actual damages, statutory damages, treble damages, and corrective advertising damages.

43. The actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

44.  The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendant is enjoined from such conduct.

**Claim Two**

**False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A)**

45. Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

46. Through their unauthorized use of the Infringing Trademark, Defendant has falsely designated the origin of services, and competed unfairly with Plaintiff, in direct violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's actions have created actual confusion with Plaintiff and Plaintiff's Trademark, and as to the origin, sponsorship, and/or affiliation of Defendant and the goods/services advertised, promoted, and offered by Defendant.

48. Defendant's conduct in connection with the Infringing Trademark has been, and remains likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Plaintiff and Plaintiff's Trademark with Defendant.

49. Defendant's conduct in connection with the Infringing Trademark has been, and remains likely to cause a false belief that Plaintiff sponsors, approves of, or authorizes Defendant's conduct.

50. Defendant has created a false or misleading association with Plaintiff and Plaintiff's Trademark.

51. Plaintiff has been, and is likely to continue to be damaged by the wrongful actions of Defendant.

52. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

53. Plaintiff has no adequate remedy at law.

54. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

55. The harm caused to Plaintiff is a direct and proximate result of Defendant's use of Plaintiff's trademark in an infringing manner.

56. Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

57. As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), Plaintiff has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods/services, actual damages, statutory damages, treble damages, and corrective advertising damages.

58. The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendant is enjoined from such conduct.

59. The actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

### Claim Three

### Unfair Competition - 15 U.S.C. § 1125(a)

60. Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

61. Plaintiff has the exclusive right to control use of the Infringing Trademark in the United States, in connection with Plaintiff's Services, and confusingly similar goods and services.

62. Defendant has used the Infringing Trademark in interstate commerce by advertising, promoting, selling, and providing services that are confusingly similar to Plaintiff's Services.

63. Defendant is not subject to vetting by Plaintiff, or required to transact business in a manner that reaches the standard that Plaintiff expects consumers will receive when they encounter the Infringing Trademark.

64. Plaintiff has no ability to control the quality of services, goods and materials used in connection with such services, nor the manner and level of customer service and support offered and/or provided by Defendant.

65. Defendant's unauthorized use of the Infringing Trademark in advertising, promoting, and offering goods/services in connection with the Infringing Trademark has created actual confusion with Plaintiff and Plaintiff's Trademark, and as to the origin, sponsorship, and/or affiliation of Defendant and the goods/services advertised, promoted, and offered by Defendant.

66. Defendant's unauthorized use of the Infringing Trademark in advertising, promoting, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, selling and providing services, that are confusingly similar to Plaintiff's Services is likely to cause confusion, or to cause mistake, or to deceive the consuming public.

67. Defendant's unauthorized use of the Infringing Trademark in advertising, promoting, and upon information and belief that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, selling and providing services that are confusingly similar to Plaintiff's Services is likely to cause confusion, or to cause mistake, or to deceive because such activities suggest that Defendant's actions are approved by, or are otherwise authorized by Plaintiff.

68. Defendant's unauthorized use of the Infringing Trademark has infringed upon and materially damaged the value of the Plaintiff's business.

69. Plaintiff has been, and is likely to continue to be damaged by the wrongful actions of Defendant. Defendant's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by the Court.

70. Plaintiff has no adequate remedy at law, and pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief enjoining Defendant's infringing conduct.

71. The harm caused to Plaintiff is a direct and proximate result of Defendant's use of Plaintiff's trademark in an infringing manner.

72. Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

73. As a result of Defendant's conduct in violation of 15 U.S.C. § 1125(a), Plaintiff has been harmed and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods/services, actual damages, statutory damages, treble damages, and corrective advertising damages.

74. The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue to occur against Plaintiff and the consuming public, and for which Plaintiff has no adequate remedy at law, unless Defendant is enjoined from such conduct.

75. The actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

## Claim Four

## Unjust Enrichment

76. Plaintiff incorporates and realleges by reference the allegations in the preceding paragraphs as if separately repeated here.

77. Defendant, through their infringing and unlawful conduct, has used the goodwill and consumer recognition of the Infringing Trademark to promote and unjustly enrich their businesses, at the expense of Plaintiff.

78. Defendant, through their infringing and unlawful conduct, has benefited financially, and is likely to continue benefiting and profiting, by misleading consumers into believing that Defendant and the Infringing Trademark are associated with Plaintiff, and that Plaintiff has authorized or sponsored the conduct of Defendant.

79. Defendant's infringing conduct has resulted in Defendant receiving a direct financial benefit at the expense of Plaintiff.

80. Defendant's infringing conduct has been with knowledge of Plaintiff's Trademark Registration, and Plaintiff's trademark rights.

81. Defendant's infringing conduct has been willful, improper, misleading, and deceitful.

82. The circumstances surrounding Defendant's conduct would make it unjust for Defendant to retain benefits that Defendant wrongfully received at Plaintiff's expense.

83. The harms caused to Plaintiff are a direct and proximate result of Defendant's use of Plaintiff's trademark in an infringing manner.

84. Plaintiff continues to be injured in an amount that has not yet been fully ascertained.

85. Plaintiff is entitled to recover for the benefits that Defendant has received at Plaintiff's expense, including disgorgement of all profits that Defendant received as a result of Defendant's infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief -

a. A judgment that Defendant, their agents, successors, and assigns have:

    i. Violated 15 U.S.C § 1114 and other statutory and common law authority by infringing upon Plaintiff's Trademark;

    ii. Violated 15 U.S.C. § 1125 (a)(1)(A) and other statutory and common law authority through false designation of origin, false or misleading descriptions or representations of fact, in a manner that is likely to cause confusion, mistake or deception among the purchasing public as to the affiliation, connection or association of Defendant with Plaintiff and Plaintiff's Trademark;

    iii. Engaged in unfair competition by causing confusion among the purchasing public as to the source of the services offered and sold by Defendant, and sponsorship, approval, affiliation, or connection with Plaintiff and Plaintiff's Trademark;

    iv. Used the goodwill and consumer recognition inherent in Plaintiff's Trademark to promote and unjustly enrich their business;

b. Acted in a willful manner, and with knowledge of the nature of their conduct;

c.  That, pursuant to 15 U.S.C. § 1116, Defendant and their agents, successors, and assigns, as well as those persons in active concert or participation therewith, be jointly and severally enjoined throughout the United States from:

   i.  Infringing upon Plaintiff's Trademark in any manner;

   ii.  Advertising, marketing, offering, promoting, and selling goods/services using the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks in connection with goods and/or services confusingly similar to Plaintiff's Services;

   iii.  Unfairly competing against Plaintiff in any manner through use of the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks in connection with goods and/or services confusingly similar to Plaintiff's Services;

   iv.  Destroying fair and honest competition through unfair practices through use of the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks in connection with goods and/or services confusingly similar to Plaintiff's Services.

   v.  Using the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks in any promotional material or any other manner, on the internet or other sales channels, or in any capacity whatsoever, in connection with goods and/or services confusingly similar to Plaintiff's Services; and

      vi.    Holding themselves out as an authorized licensee, vendor, or authorized user of the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks in any manner, in connection with goods and/or services confusingly similar to Plaintiff's Services.

d.  That Defendant be ordered to immediately remove all advertising, marketing, promotions, and offers from all channels, and in any capacity, which violate federal law, state law, and/or common law, through use of the Infringing Trademark and/or any confusingly similar trademark, in connection with goods/services confusingly similar to Plaintiff's Services.

e.  That, pursuant to 15 U.S.C. § 1117, Plaintiff be awarded such damages as are allowed under the Lanham Act, including but not limited to actual damages, statutory damages, Defendant's profits, and treble damages.

f.  Order an accounting of all sales, profits, and advantages realized by Defendant from their conduct constituting trademark infringement, false designation of origin, unfair competition, unjust enrichment, and other violations of federal law and common law, and award Plaintiff's all profits and advantages realized by Defendant, and award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(a) based on the nature of Defendant's conduct.

g.  That Defendant's conduct was and continues to be with knowledge and bad faith, and all other circumstances which the court finds the warranting of treble damages.

h.  That this case be declared an exceptional case pursuant to 15 U.S.C. § 1117, as a result of the nature of Defendant's actions that have resulted in trademark infringement, false designation of origin, and unfair competition thereby entitling Plaintiff their reasonable attorneys' fees.

i.  That Plaintiff be awarded their costs and expenses of this action.

j.  That Plaintiff be awarded punitive damages in an amount to be determined by the trier of fact for the nature of Defendant's conduct of trademark infringement and unfair competition, pursuant to common law.

k.  Order Defendant to recall from all sales channels, channels of distribution, and all other outlets, all goods, product packaging, advertisements, promotional materials, product displays, and all other manner of marketing, distribution, the dispensing and conveyance of which would violate the injunction herein requested by Plaintiff.

l.  An accounting of all domain names owned by Defendant, and a requirement that Defendant assign and transfer all domain names that include the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks, and any domain names that would dilute Plaintiff's trademark in any manner.

m.  That Plaintiff be awarded corrective advertising damages and all other damages arising from the unlawful and unauthorized advertising and marketing of goods and services in connection with the terms DR. WATER HEATER, DOCTOR WATER HEATER, or any confusingly similar trademarks.

n.  Order Defendant to pay for and cause to be distributed to all relevant parties, including Defendant's customers, potential customers, distributors, licensees, resellers, advertisers, marketing companies, and other affiliated parties, a notice that advises said companies and persons of Defendant's trademark infringement, false designation of origin, unfair competition and other violations of federal law and advises of the issuance and content of the injunction herein requested by Plaintiff.

o.  Order that pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant shall file with the court and provide to Plaintiff via email and certified postal mail within thirty (30) days of the issuance of an order granting an injunction, or such extended period as the court may direct, a report stating under oath, the details and manner by which Defendant has complied with said injunction.

p.  That Plaintiff be awarded such other damages that the Court deems appropriate based on Defendant's conduct.

q.  All other just and proper relief on to which Plaintiff is entitled.

Dated: August 23, 2023              Respectfully submitted,


                                    on behalf of Dr. Water Heater, Inc.

                                    By their attorney

                                    s/Jeffrey Sturman
                                    Jeffrey Sturman
                                    Sturman Law, LLC
                                    8700 E Jefferson Ave. #371706
                                    Denver, CO 80237
                                    (720) 772-1724
                                    federal_court_docket@sturmanlaw.com
                                    *Attorney for Plaintiff Dr. Water Heater, Inc.*